Date signed March 31, 2016



THOMAS J. CATLIOTA
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at GREENBELT

| | | |
|---|---|---|
| In re: | * | Case No.   13-13847-TJC |
| Vincent L. Abell | * | Chapter    11 |
| Debtor | * | |
| *   *   *   *   *   *   *   * | * | |
| Roger Schlossberg, Chapter 11 Trustee | * | |
| Plaintiff | * | |
| vs. | * | Adversary No.  14-00417 |
| Vincent L. Abell, *et al.*, | * | |
| Defendants | * | |
| *   *   *   *   *   *   *   *   *   *   *   *   * | | |

## MEMORANDUM OF DECISION RESOLVING MOTION FOR DEFAULT JUDGMENT AGAINST CHANG WOOK CHON ON COUNT 34

Before the court is a motion by Roger Schlossberg, the Chapter 11 trustee, seeking a default judgment against Chang Wook Chon on Count 34 of his amended complaint.  ECF 150. Mr. Chon has been properly served and has not filed an answer or otherwise responded to the amended complaint.  The court will grant the motion.  The court also will certify the judgment under Fed. R. Civ. P. 54(b).

**Default Judgment**

Rule 55 of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7055, provides that the court may enter a default judgment.  The United States Court of Appeals for the Fourth Circuit has stated that there is a "strong policy that cases be decided on the merits."  *United States v. Shaffer Equip. Co*., 11 F.3d 450, 453 (4th Cir. 1993).  However, when the "adversary process has been halted because of an essentially unresponsive party" the court, in its discretion, may enter default judgment.  *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).  In ascertaining whether to enter a default judgment, the court will take the well-pleaded factual allegations in the complaint as true.  *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).  This is because "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," but the "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."  *Id*.; *see DIRECTV, Inc. v. Pernites,* 200 Fed. App'x. 257, 258 (4th Cir. 2006).  Thus, it is the court that "determine[s] whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in th[e] action."  *Ryan*, 253 F.3d at 780.  The court makes this determination based on "whether the[] unchallenged factual allegations constitute a legitimate cause of action" with a sufficient basis in the pleadings.  *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010); *see DirectTV, Inc.*, 200 Fed. App'x at 258.  The court is "required to exercise sound judicial discretion in determining whether the judgment should be entered," and may "refuse to enter a default judgment."  10A Charles A. Wright, *et al*., *Fed. Prac. & Proc. Civ. 3d* §2685 (3d ed. 2007); *see S.E.C.,* 359 F. Supp. 2d at 421 ("Entry of default judgment is left to the discretion of the court.").

The Trustee's claims against Mr. Chon are set forth in several paragraphs of the amended complaint and in the Trustee's affidavit submitted in support of the motion for judgment.  ECF 7

at ¶¶142, 143, 166, and 388 – 393, and Exhibit B to ECF 150.  The Trustee alleges that the debtor Vincent Abell transferred $1,250,000 to Mr. Chon for no consideration.  He alleges these payments were a "sham" loan.  He alleges, and his affidavit states, that the Trustee's investigation reveals the funds are property of the estate.  These facts state a valid claim against Mr. Chon.

A number of defendants object to the entry of the default judgment against Mr. Chon. ECF 182.  They make several arguments.  First, they contend that the entry of a default judgment is not appropriate when liability is joint and/or several, relying on *Frow v. De La Vega*, 82 U.S. 552, 1872 WL 15275, 21 L. Ed. 60 (1874) and its progeny.  This contention is unavailing.  The Trustee makes it clear in his response that he does not seek liability against any other defendant on Count 34.  His statement is consistent with the amended complaint, which names only Mr. Chon as a defendant on Count 34.  Further, based on the allegations which give rise to the claim, it is difficult to see how any other party could be liable for the payments of funds to Mr. Chon or prejudiced by the entry of judgment against Mr. Chon.  The allegations pertaining to Mr. Chon are personal to him, and the Trustee could have brought them in a separate complaint without regard to the remaining claims against the other defendants.  The claims are simply not closely related, as defendants suggest.

The objecting defendants also argue that the Trustee cannot assert this claim under 11 U.S.C. §548 because that statute has a two-year look back period that is not subject to equitable tolling.  In a Memorandum of Decision entered of even date herewith, the court held that the two-year look back period is not subject to equitable tolling.  The court, however, held that Maryland and District of Columbia laws on fraudulent transfer are subject to the discovery rule. To the extent these apply, the statute of limitations defense on such claims is an affirmative

defense, and the objecting defendants have no standing to raise an affirmative defense on behalf of Mr. Chon.  Indeed, considering there is no potential liability on Count 34 for any defendant, the objecting defendants are not prejudiced by the entry of the default judgment against Mr. Chon.

### Rule 54(b) Certification

Fed. R. Civ. P. 54(b), made applicable here by Fed. R. Bankr. P. 7054, provides that a court may enter final judgment on fewer than all claims in a multi-claim action if the court expressly determines that there is no just reason for delay.

To effectuate a Rule 54(b) certification, the court must first determine whether the judgment is "final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action."  *MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010) (quoting *Curtis-Wright Corp. v. General Electric Co*., 446 U.S. 1, 7, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980) (internal quotations omitted)).

The court must then determine whether there is no just reason for the delay in the entry of judgment.  *Braswell Shipyards, Inc. v. Beazer East, Inc*. 2 F.3d 1331, 1335 (4th Cir. 1993).  In determining whether there is no just reason for delay in the entry of judgment, courts have considered the following factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Id.* at 1335-36 (citing *Allis-Chalmers Corp. v. Philadelphia Electric Co*. 521 F.2d 360, 364 (3d Cir. 1975)).  Where the court is persuaded that Rule 54(b) certification is appropriate, the court states those findings of fact on the record or in its order.  *Id*. at 1336.

The court hereby makes the Rule 54(b) certification.  First, the judgment against Mr. Chon resolves a discreet factual matter that involves only funds transferred to Mr. Chon, with no allegations that any other party is liable for the return of the funds.  There is not any factual relationship between the Trustee's claim against Mr. Chon and unadjudicated claims.  No collateral estoppel or res judicata principles will apply to any other defendant as a result of the judgment against Mr. Chon.  Similarly, there is no possibility that review might be mooted or that a reviewing court might be obliged to consider the same issue a second time – Mr. Chon has failed to answer or participate.  There is seemingly no possibility he will even seek review unless and until he enters an appearance and seeks to avoid his default.  Mr. Chon has asserted no counterclaims as he has failed even to answer.  Finally, it is in the best interest of the estate to allow the estate to pursue its judgment against Mr. Chon.  The estate has spent considerable administrative resources bringing this adversary proceeding and it should be allowed to recover what it can on this discreet, independent claim.  Considering Mr. Chon has chosen not to participate, and given the personal nature of the claim against Mr. Chon, there is simply no reason to delay the Trustee's efforts to recover this claim.

For the foregoing reasons, the court will enter judgment against Mr. Chon and certify the judgment.

Copies to:

Roger Schlossberg, Esq.
134 W. Washington Street
P.O. Box 4227
Hagerstown, MD 21741

David J. Shuster, Esq.
Jean Evelyn Lewis, Esq.
Catherine Mary Manofsky, Esq.
Kramon and Graham
One South Street, Suite 2600
Baltimore, MD 21202-3201

Kevin M. Tabe, Esq.
Tabe and Associates, PC
7676 New Hampshire Ave., Suite 307C
Takoma Park, MD 20912

Philip James McNutt, Esq.
Hughes & Bentzen, PLLC
1100 Connecticut Avenue, N.W., Ste. 340
Washington, DC 20036

James Greenan, Esq.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770

Larry Yumkas, Esq.
James R. Schraf, Esq.
Yumkas, Vidmar & Sweeney, LLC
10211 Wincopin Circle, Suite 500
Columbia, MD 21044

John T. Szymkowicz, Esq.
Szymkowicz & Szymkowicz, LLP
2300 N Street, N.W., Suite 5310
Washington, DC 20037-2211

Maria Maya
20 Ritchie Avenue, Apt. 32
Takoma Park, Maryland 20910

Lawrence A. Katz, Esq.
Leach Travell Britt pc
8270 Greensboro Drive
Suite 700
Tysons Comer, Virginia 22102

North American Title Company
5301 Wisconsin Avenue NW
Washington, D.C. 20015

219 Atlantic Street, LLC
6328 Eastern Avenue NE

Washington, D.C. 20011

Chang Wook Chon
8190 Strawberry Lane
Apt. 303
Falls Church, Virginia 22042

Adebowale Adeleke
7775 Rotherham Drive
Hanover, Maryland 21076

Fusion Contractors
7775 Rotherham Drive
Hanover, Maryland 21076

AG and Son Maintenance Services, LLC
6925 Fourth Street, N.W.
Washington, D.C. 20012

SunTrust Bank
303 Peachtree Street
Atlanta, Georgia 30308

**End of Memorandum of Decision**